UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, as TRUSTEE for PRETIUM MORTGAGE ACQUISITION TRUST, <br><br> *Plaintiff* <br><br> v. <br><br> BENJAMIN P. CAMPO, JR., <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) ) ) ) )   No. 2:21-cv-00190-NT |

*MEMORANDUM DECISION AND ORDER ON*
*MOTION FOR ALTERNATIVE SERVICE*

Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually but as Trustee for Pretium Mortgage Acquisition Trust, seeks to serve one of the three parties-in-interest in this mortgage foreclosure action, Great Seneca Financial Corp. ("Great Seneca"), *via* service on the Secretary of the State of Massachusetts. *See* Motion for Alternative Service . . . ("Motion") (ECF No. 18) at 1. For the reasons that follow, I deny the Motion without prejudice and enlarge the plaintiff's deadline to serve Great Seneca to February 4, 2022.

**I. Factual Background**

Great Seneca was named as a party-in-interest in this case pursuant to a 17-year-old writ of execution in the amount of $4,498.85 dated April 20, 2005, placing it in third position behind the plaintiff's mortgage. Affidavit in Support of Motion for Alternate Service . . . ("Affidavit") (ECF No. 18-1), attached to Motion, ¶ 4.

On July 20, 2021, the Cumberland County Sheriff ("Sheriff") attempted to serve Great Seneca at the law office of the attorney who recorded Great Seneca's lien in 2005, John C. Walker,

1

Esq., at 91 Auburn Street, Unit J #1021 in Portland, Maine. *Id*. ¶ 5; Exh. A (ECF No. 18-2) thereto.[1] The Sheriff returned the complaint with a note that the address is now a UPS store. *Id*. The plaintiff hired a process server, Nationwide Court Services ("Nationwide"), which attempted to serve Great Seneca on August 9, 2021, at 700 King Farm Blvd., Suite 503, in Rockville, Maryland, and on August 10, 2021, at 702 King Farm Blvd., Suite 503, in Rockville, Maryland. Affidavit ¶¶ 6-7; Exhs. B-C (ECF Nos. 18-3, 18-4) thereto. Nationwide could not locate Great Seneca at either address. *Id*.

On August 12, 2021, Nationwide attempted to serve Great Seneca at the address of its last known agent, Thomas Henning, 9841 Washingtonian Blvd., Gaithersburg, Maryland. Affidavit ¶ 8; Exh. D (ECF No. 18-5) thereto. Nationwide informed the plaintiff that Great Seneca did not operate out of that location and that further investigation revealed that Great Seneca had dissolved. Affidavit ¶ 9; Exh. D thereto. On September 20, 2021, the plaintiff called and left a voicemail for John C. Walker, Esq. Affidavit ¶ 10. No response was received. *Id*.

Great Seneca filed Articles of Dissolution in Maryland on March 25, 2009. *Id*. ¶ 11; Exh. E (ECF No. 18-6) thereto. A Business Entity Summary reflects that its date of registration as a foreign corporation in Massachusetts was August 24, 2006, and that its date of involuntary revocation was June 30, 2014. Affidavit ¶ 12; Exh. F (ECF No. 18-7) thereto.

## II.  Applicable Legal Standards

The Federal Rules of Civil Procedure provide that a corporation may be served according to the laws of the state where service is made or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(e)(1), (h)(1)(A)-(B).

---

[1] There is a discrepancy between the date of attempted service set forth in the Affidavit and that in Exhibit A. While nothing turns on the discrepancy, I have used the date set forth in the primary source, the exhibit.

The plaintiff seeks to serve Great Seneca in Massachusetts pursuant to Mass. Gen. Laws ch. 156D, § 15.10, which provides, *inter alia*, that when the resident agent of a foreign corporation doing business in Massachusetts cannot be found or refuses to act as such, the foreign corporation "shall be deemed to have appointed the secretary of state and his successor in office to be its true and lawful attorney upon whom all lawful process in any action or proceeding may be served so long as any liability incurred in the commonwealth while it was doing business shall remain outstanding." Mass. Gen. Laws ch. 156D, § 15.10(b).

### III.  Discussion

As a threshold matter, it is not clear to me that the Massachusetts statute on which the plaintiff relies would permit service upon Great Seneca, a Maryland corporation, with respect to a liability incurred in Maine. However, I need not resolve that point because the plaintiff falls short of showing that it exhausted its avenues to serve Great Seneca in Maryland.

The plaintiff cites a link to a Maryland state court web page for the proposition that "[i]n Maryland, the Secretary of State's website specifically states that it will not accept service" on a dissolved corporation. Motion at [2] & n.1. Yet, the page retrieved upon clicking that link contains no such admonition.[2]

Beyond that, my research indicates that the Maryland Rules of Civil Procedure contain provisions to serve a corporation by way of substituted service upon the State Department of Assessments and Taxation (SDAT) "if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the [SDAT]; or (iii) two good faith attempts on separate days to serve the resident agent have failed." Md. R. Civ. P. 2-

---

[2]The cited web page is https://www.mdcourts.gov/sites/default/files/import/video/transcript/serviceofprocess.pdf. *See* Motion at [2] & n.1.

124(o), 3-124(o).  Insofar as appears, a corporation's dissolution does not prevent substitute service on the SDAT in accordance with those rules.  *See, e.g., Reyes v. Manchester Gardens Condo.*, Civil Action No. 8:19-cv-02643-PX, 2020 WL 3791964, at *4 (D. Md. July 7, 2020); *Thomas v. Rowhouses, Inc.*, 47 A.3d 625, 633 (Md. Ct. Spec. App. 2012).

### IV.  Conclusion

For the foregoing reasons, the Motion is **DENIED** without prejudice, and the plaintiff's deadline to serve process on Great Seneca is **ENLARGED** *nunc pro tunc* by an additional 60 days from December 6, 2021, to February 4, 2022.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 9th day of December, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
